# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**CEDRIC L. NEWSOM and**
**SHANDRA BRAMLETT**                                                       **PLAINTIFFS**

**VERSUS**                                                    **CAUSE NO. 2:11CV172-DCB-JMV**

**CAROLINA LOGISTICS SERVICES, INC.**                          **DEFENDANT**

## ORDER ON MOTION TO DISMISS COUNT II
## OF THE AMENDED COMPLAINT

### INTRODUCTION

This matter is before the court on Defendant's Motion [31] seeking dismissal of Plaintiffs' state common law claims for *quantum meruit* recovery asserted in Count II of the Amended Complaint [25].[1] Defendant advances three arguments in support of the instant motion:

> 1. Pursuant to *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), Plaintiffs insufficiently plead facts in Count II of the Amended Complaint to support their claims for *quantum meruit* recovery.
>
> 2. A claim for *quantum meruit* recovery in an employment context is so novel a state law theory as to justify its dismissal pursuant to 28 U.S.C. 1367(c)(1).
>
> 3. The common law claim for *quantum meruit* recovery is preempted by the Fair Labor Standards Act ("FLSA"), the violation of which forms the basis of Plaintiffs' claims in Count I of the Amended Complaint.

As explained hereafter, Defendant's first and second arguments are without merit. As for the third argument, however, the court finds the FLSA preempts Plaintiffs' common law *quantum meruit* claims to the extent Plaintiffs seek to recover for conduct made unlawful by the

---

[1]This is actually Defendant's second motion to dismiss the claims now asserted in Count II of the Amended Complaint. Previously, these claims were asserted in Count III of the original Complaint [1], and Defendant moved for their dismissal by motion [8] filed 9/26/2011. In its original motion, Defendant also moved to dismiss other claims asserted by Plaintiffs which have now been abandoned by virtue of Plaintiffs having filed an Amended Complaint. In light of the foregoing, the court will, by separate order, terminate the earlier filed motion to dismiss [8] as moot as to the now abandoned claims and as duplicative of the later filed motion to dismiss addressed herein.

FLSA–namely, failure to pay overtime (hours worked in excess of forty in a week) and minimum hourly wages. The FLSA does not, however, address claims for compensation for hours worked in a week that are not in excess of forty, so long as the average wage paid over all hours worked fewer than forty is not below minimum wage. *Valcho v. Dallas County Hosp. Dist.,* 658 F. Supp. 2d 802, 811 (N.D. Tex. 2009). These claims are often called "gap time" or "straight time" claims which refer to

> 'time that is not covered by the [FLSA] overtime provisions because it does not exceed the overtime limit, and . . . time that is not covered by the minimum wage provisions because, even though the work is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked.'

*Id.* (quoting *Green v. Dallas County Schs.,* No. 3:04CV891P, 2005 WL 1630032, at *3 (N.D. Tex. July 6, 2005)). These "gap time" *quantum meruit* claims are not addressed by the FLSA and are not preempted by it.

**FACTS**

This is a cause of action by two former "at will"[2] employees of Defendant who contend in Count I of the Amended Complaint that they were required, in violation of the FLSA, to work over forty hours per week without overtime compensation and to work below minimum wage levels. In Count II of the Amended Complaint, these employees allege they are entitled to compensation for services rendered under the common law theory of *quantum meruit*. Under this theory, Plaintiffs assert entitlement to wages for both conduct violative of the FLSA and for conduct not addressed by the FLSA, i.e., payment for gap-time work.

---

[2]Plaintiffs are private sector employees without written contracts of employment.

2

**STANDARD OF REVIEW**

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing. *Twombly*, 550 U.S. at 555). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Supreme Court's examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## ANALYSIS

1. **Plaintiffs' Claims Under the Common Law Theory of *Quantum Meruit* Recovery Are Sufficiently Pled.**

Defendant characterizes its initial argument as one for failure to state a claim under FED. R. CIV. P. 12(b)(6). However, because the Amended Complaint was answered prior to the filing of the motion to dismiss, the motion is correctly one for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Doe v. Myspace,* 528 F.3d 413, 418 (5th Cir. 2008). Regardless, the same standard applicable to a 12(b)(6) motion applies, and the central issue remains whether, in the light most favorable to Plaintiffs, the Complaint states a valid cause of action. *Id.*

In this case though Defendant asserts that Plaintiffs allege merely a "we want money pay us" theory of recovery in Count II of the Amended Complaint, a review of the Amended Complaint reveals more detailed allegations which incorporate the elements of a claim for *quantum meruit* recovery recognized in Mississippi: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances as reasonably notified the person sought to be charged that Plaintiffs, in performing such services, had the expectation of being paid by the person sought to be charged. *Fritts v. GAB Robins North America, Inc.,* No. 2:06cv35KS-MTP*,* 2007 WL 735675, at *3 (S.D. Miss March 8, 2007).

In the court's view, Plaintiffs have adequately pled each of the requisite elements. *See* Amended Complaint, Count II, ¶ 42-45 [25]. In particular, Plaintiffs assert they have each performed services for Carolina Logistics; they describe the type of work performed; they assert they were each required to perform certain additional services; and though they were paid on an hourly basis for

4

some work performed, they allege they have not been paid for all work performed. The court finds these facts sufficient to state a claim for *quantum meruit* recovery.

    2.    **A Cause of Action in Mississippi for Recovery in Quantum Meruit Is Hardly Novel**.

As an alternative ground for dismissal of Plaintiffs' claims, Defendant argues that the *quantum meruit* theory of recovery is so novel under Mississippi law that this court should not recognize it as legally cognizable. This is a curious argument, indeed, since Defendant cites over *two dozen* cases acknowledging the existence of such a claim in Mississippi. For example, in one of the cases cited by Defendant, *Estate of Johnson v. Adkins,* 513 So. 2d 922 (Miss. 1987), the court explained:

> Quantum meruit recovery is a contract remedy which may be premised either on express or "implied" contract, and a prerequisite to establishing grounds for quantum meruit recovery is claimant's reasonable expectation of compensation. The measure of recovery . . . is the reasonable value of the materials or services rendered.

*Id*. at 926 (internal citations omitted). In another, *Dretchen v. Allan Pharmaceutical, LLC,* 707 F. Supp. 2d 677, 682, (S.D. Miss. 2010), the court similarly explained that it was proper to assert a theory of *quantum meruit* recovery as an alterative to recovery for breach of contract for services rendered.

In light of its own recitation of authority from Mississippi recognizing a common law cause of action for *quantum meruit* recovery for services, it is difficult to discern on precisely what basis Defendant founds its novelty argument. At one point in its brief, Defendant appears to suggest that the *quantum meruit* cause of action is novel as applied in the instant case because Plaintiffs cannot prove an element of the offense, i.e., that they reasonably expected payment for services rendered.

5

Def.'s Br. Mot. Dismiss [32], 6-8. Defendant suggests this is the case because "[t]here is no legal principle in Mississippi law which requires payment of any wage . . . under the guise of quantum meruit." *Id.* at 8. The problem, among others,[3] with this circular argument is that, as already noted, Defendant itself identifies numerous cases in Mississippi recognizing the obligation to pay for services rendered under a theory of *quantum meruit* recovery.

In light of the foregoing, this court finds that the subject of dismissal of the *quantum meruit* claims on the basis of novelty does not merit further analysis. Accordingly, Plaintiffs' *quantum meruit* claims will not be dismissed on this basis.

3. **Certain of Plaintiffs' Claims are Preempted by the FLSA**.

The Fifth Circuit has not yet issued a published opinion concerning whether the FLSA preempts state law claims, including those for *quantum meruit*, but a number of district courts within the circuit, including the Southern District of Mississippi, have addressed this or a substantially similar issue. Consistently, these courts have held that where the claim at issue is pled as an alternative cause of action for conduct that is addressed by the FLSA and for which the Act provides a remedy, the common law claim is preempted. *See Henley v. Simpson,* No. 3:10CV590 DPJ-FKB, 2012 WL 3017812 (S.D. Miss. July 23, 2012) (finding FLSA forecloses claims to recover overtime pursuant to §1983); *Guerrero v. JPMorgan Chase & Co.,* No. 6:09CV388, 2010 WL 457144 (E.D. Tex. Feb. 5, 2010) (FLSA provides exclusive remedy for violation of its mandates); *Valcho v. Dallas County Hospital District*, 658 F. Supp. 2d 802 (N.D. Tex. 2009). On the other hand, where the state law claim affords a remedy for conduct not otherwise addressed by the FLSA, there is no

---

[3] This argument, being in essence one for summary judgment on account of plaintiffs' alleged lack of proof, does not demonstrate the novelty of the claim in any event.

preemption.  *See Washington v. Freds Stores of Tennessee, Inc.,* 427 F. Supp. 2d 725, 729 (S.D. Miss. 2006) (holding state law negligence and conversion claims not preempted by the FLSA because they did not "directly overlap with the claim under FLSA").  *See also, Guerrero*, 2010 WL 457144.

In accordance with the foregoing, this court finds Plaintiffs' claims in the instant case for overtime wages and minimum wages on the basis of *quantum meruit* are preempted by the FLSA because the right to such wages arises under the FLSA, and that Act affords a remedy for the same. Accordingly, these claims are **DISMISSED**.  On the other hand, Plaintiffs' claims for the reasonable value of services rendered which are not addressed by the FLSA, i.e., gap-time work as discussed above, are not preempted and, therefore, will be allowed to proceed.

**SO ORDERED,** this the 6th day of September, 2012.

/s/   David Bramlette
U. S. District Judge